IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DECATUR HOTELS. L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-99C |
| | ) | (Chief Judge Edward J. Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 as to what plaintiff "owns and operates," for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that Hurricane Katrina devastated the city of New Orleans and surrounding areas on August 29, 2005; otherwise denies the allegations contained in the remainder of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or

information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth, except for the phrase "and agreed to utilize all of Decatur's hotels for the group described above," which defendant denies.

10. Admits the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth, except for the phrase "contractually agreed-to" which defendant denies.

12. Denies.

13. Denies the allegations contained in paragraph 13, to and including the phrase "period of time", for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in paragraph 13, including the allegation that there was an "agreement with FEMA."

14. Denies the allegations contained in paragraph 14, to and including the word "service", for lack of knowledge or information sufficient to form a belief as to their truth; denies the remainder of the allegations contained in paragraph 14, including the allegation that there was a "contract with GSA/FEMA."

15. Denies the allegations contained in paragraph 15 for lack of knowledge or

information sufficient to form a belief as to their truth.

16. Denies the allegations that "Decatur spent approximately $1.75 million" contained in the first part of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth; and denies that there was an enforceable agreement between FEMA/GSA and Decatur.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in the first sentence of paragraph 19 that there was an enforceable contract between GSA/FEMA and Decatur. Admits the allegations contained in second sentence of paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or

information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in the first, second and third sentences of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remainder of the allegations contained in paragraph 27 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Denies the allegations contained in the first sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth; and admits the allegations contained in the second sentence of paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits the allegations contained in paragraph 37 to the extent supported by the document cited, which is the best evidence of its contents.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Denies.

40. Denies.

41. The allegations contained in paragraph 41 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. The allegations contained in the first sentence of paragraph 43 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 43. Denies the allegations contained in the third and fourth sentences of paragraph 43, to and including the phrase "hotel room," for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 43 constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Hillary a. Stern
HILLARY A. STERN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0177
Facsimile: (202) 305-7644

May 1, 2007

Attorneys for Defendant